**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 14 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUCIA MATEO-MATEO; F. A.-M.; F. A.-M., <br><br> Petitioners, <br><br> v. <br><br> TODD BLANCHE, Attorney General, <br><br> Respondent. | No. 25-4810 <br><br> Agency Nos. <br> A201-447-576 <br> A201-447-574 <br> A201-447-575 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 6, 2026
Pasadena, California

Before: WARDLAW, DESAI, and DE ALBA, Circuit Judges.

Lucia Mateo-Mateo and her two minor children petition for review of the

Board of Immigration Appeals' ("BIA") dismissal of their appeal of an Immigration

Judge's ("IJ") denial of their applications for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT"). We have jurisdiction

under 8 U.S.C. § 1252(a). We deny in part and grant in part.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

We review the claims for substantial evidence and "must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). We review legal questions de novo, including whether the agency gave "reasoned consideration" to petitioners' evidence. *Cole v. Holder*, 659 F.3d 762, 769, 772 (9th Cir. 2011). When "the BIA adopts and affirms the IJ's order pursuant to *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994), . . . we review the IJ's order as if it were the BIA's." *Kwong v. Holder*, 671 F.3d 872, 876 (9th Cir. 2011).

1.      Substantial evidence supports the IJ's finding that petitioners did not establish a nexus between their alleged harm and a protected ground. The record does not compel the conclusion that Alonzo Martine abused Mateo-Mateo because of her membership in the alleged particular social groups ("PSGs") of "common-law married women in Guatemala unable to leave their abusive relationship" or "indigenous Mayan women that are constantly brutally abused by men." Rather, the record supports the IJ's finding that the abuse was "personal to [Mateo-Mateo], and not because she belonged to any particular social group." This "personal dispute is not, standing alone, tantamount to persecution" on account of a protected ground. *Pagayon v. Holder*, 675 F.3d 1182, 1191 (9th Cir. 2011). Because petitioners' failure to establish a nexus is dispositive of their claims for asylum and withholding of removal, we deny the petition as to these claims. *Riera-Riera v. Lynch*, 841 F.3d

2                                                                              25-4810

1077, 1081 (9th Cir. 2016).

2. The IJ erred by denying petitioners' CAT claim without "reasoned consideration" of the evidence. *Cole*, 659 F.3d at 774–75. The IJ gave three reasons for denying petitioners' CAT claim. First, the IJ found that Alonzo Martine did not present a threat to petitioners because he did not physically harm petitioners between August of 2016, when he kicked petitioners out of his house, and October 2018, when petitioners fled Guatemala. But the IJ failed to consider Alonzo Martine's repeated threats to kill petitioners, or the fact that his threats escalated after petitioners fled Guatemala. Failing to consider evidence that Alonzo Martine "intend[s] to harm [petitioners] again" is legal error. *De Leon v. Garland*, 51 F.4th 992, 1008 (9th Cir. 2022).

Second, the IJ concluded that the two incidents in which masked men attempted to abduct minor petitioners were not threats from Alonzo Martine. But the record compels the conclusion that Alonzo Martine sent the men to abduct minor petitioners. Mateo-Mateo testified that the masked men indicated that the children's "father wants them." *See De Leon*, 51 F.4th at 995–96, 999, 1002 (crediting a petitioner's testimony about the identity of his assailants). And later, after petitioners relocated to a different village, Alonzo Martine directly abducted Pedro. The IJ erred by failing to consider the particular threat that Alonzo Martine through the masked men posed to petitioners. *De Leon*, 51 F.4th at 1008 (remanding when the agency

"disregarded myriad contextual considerations pertinent to the likelihood of future torture").

Third, the IJ found that petitioners could not show a likelihood of torture because bystanders "thwarted" the masked men. But petitioners' close encounters with masked assailants seeking to abduct or kill them may constitute torture even if the assailants were "thwarted." *See* 8 C.F.R. § 1208.18(a)(4) (including "mental pain or suffering" resulting from the "threatened infliction of severe physical pain" to oneself or to another in the definition of torture). Further, the record shows that bystanders could not—and did not—prevent Alonzo Martine from ultimately abducting Pedro. After bystanders thwarted the masked men's initial attempts to abduct petitioners, Alonzo Martine abducted Pedro as he was walking alone.

Because "there is a significant and material disconnect between what the evidence says and the agency's conclusions regarding [petitioners'] CAT claim," we grant the petition in part and remand for the agency to reevaluate the CAT claim in the first instance. *Udo v. Garland*, 32 F.4th 1198, 1205 (9th Cir. 2022) (citation modified).

**PETITION DENIED in part; GRANTED in part and REMANDED.**[1]

---

[1] Petitioners' motion to stay removal, Dkt. No. 8, is GRANTED pending issuance of this court's mandate.

25-4810